# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PEARSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; JASON DARBY; JAMES R. DUNAJ; SERGEANT PHILIP WORTHINGTON; and DOES 1-10,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv56-MMA (JMA)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 3] |

　　　Plaintiff Richard Pearson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 for a violation of his Fourth Amendment right to be free from unreasonable searches and seizures by Defendants City of San Diego, San Diego Police Department ("SDPD") Officer Jason Darby, SDPD Officer James R. Dunaj, and SDPD Sergeant Philip Worthington (collectively, "Defendants"). Doc. No. 1 ("Compl."). Presently before the Court is Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Doc. No. 3 ("MTD"). Plaintiff opposes dismissal [Doc. No. 4 ("Oppo.")] and Defendants reply [Doc. No. 7 ("Reply")]. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule

7.1.d.1. Doc. No. 8. For the reasons set forth below, the Court **DENIES** Defendants' motion.

### BACKGROUND[1]

Plaintiff and the City of San Diego ("City") "had a long-running dispute . . . regarding improvements to his home in Pacific Beach." Compl., ¶ 10. Specifically, the City "had been requesting an inspection of Plaintiff's home by Code Compliance." *Id.*

At the request of Plaintiff's employer,[2] Defendants Darby and Dunaj conducted a "welfare check" at Plaintiff's home on January 8, 2016. Compl., ¶ 11. Plaintiff was not home during the check. *Id.* One of the Defendants looked into the mail slot at the front of the house and "noted that there was no smell, no mail piled up or any indication that there was a problem." *Id.* "Ultimately, Defendant [Worthington] broke into the back of the house [without a warrant] by breaking Plaintiff's door, and the other two officers joined him." Compl., ¶¶ 12, 18. "[A]ll three officers had their guns drawn and continued to have their guns out majority of the time they were in the house." *Id.* Plaintiff alleges that security footage confirms that Defendants were on the property for more than an hour. *Id.* According to Plaintiff, while the officers were in his house, they "searched through papers and shelves, conducting much more than what could reasonably be called a 'welfare check.'" Compl., ¶ 13. Defendant Darby left a note for Plaintiff stating that "they were doing a welfare check at the request of Plaintiff's employer." Compl., ¶ 14.

Accordingly, Plaintiff raises a Fourth Amendment claim for violation of his right to be free from unlawful searches and seizures and a *Monell* claim, alleging Defendant's conduct was "ordered and/or ratified by a person with final policymaking authority for the [City]." Compl., ¶¶ 17, 26.

//

---

[1] Because this matter is before the Court on a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the operative complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[2] Plaintiff alleges that he "had not been to the office for several months." Compl., ¶ 14.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Twombly*, 550 U.S. at 557. The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## DISCUSSION

Defendants argue that both of Plaintiff's causes of action fail to state a claim upon which relief may be granted. MTD at 3-7. Specifically, Defendants assert that the emergency aid exception to the warrant requirement negates Plaintiff's Fourth Amendment claim and, therefore, Plaintiff's *Monell* claim is unsupported by a constitutional violation. *Id.*

To maintain a *prima facie* case under § 1983, the plaintiff must establish that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct violated a right secured by the Constitution of the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first requirement requires the plaintiff to prove that conduct was "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Here, the Defendants were performing their duties as SDPD officers working for the City, and their conduct was therefore undertaken and carried out under color of law. *See id.* at 937. The second requirement under § 1983 is met if Defendants' acts deprived Plaintiff of privileges or immunities secured to him under the Constitution. The acts Plaintiff complains of are discussed below.

A. *Fourth Amendment Claim*

Plaintiff claims that Defendants violated his Fourth Amendment right against unreasonable searches and seizures under 42 U.S.C. § 1983 when they entered his home without a warrant. Compl., ¶¶ 15-23. Defendants assert their warrantless entry is justified by the emergency aid exception to the warrant requirement. MTD at 4.

The Fourth Amendment protects individuals "against unreasonable searches and seizures." *United States v. Struckman*, 603 F.3d 731, 737-38 (9th Cir. 2010) (quoting U.S. Const. amend. IV). "Searches and seizures inside a home without a warrant are presumptively unreasonable." *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1221 (9th Cir. 2014), *rev'd in part on other grounds, cert. dismissed in part*, 135 S. Ct. 1765 (2015). However, "a warrantless search or seizure is permitted to render emergency aid or address exigent circumstances." *Id.* The emergency aid exception "applies when: '(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need.'" *Id.* (quoting *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008)). It is a defendant's burden to justify a warrantless search or seizure. *See e.g.*, *California v. Acevedo*, 500 U.S. 565 n.5 (1991) ("Because each exception to the warrant requirement

invariably impinges to some extent on the protective purpose of the Fourth Amendment, the few situations in which a search may be conducted in the absence of a warrant have been carefully delineated and 'the burden is on those seeking the exemption to show the need for it.'") (quoting *United States v. Jeffers*, 342 U.S. 48, 51 (1951).

Defendants argue dismissal is appropriate because they had reasonable grounds to believe that there was an immediate need for assistance based on the welfare check request even though they were not confronted with a bad smell, a pile of mail, or other indications of a problem. MTD at 4-6; *see also* Compl., ¶¶ 11, 14.

The reasonableness of the officers' conduct is an issue of fact. *See McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984) (the judgment of reasonableness in § 1983 actions against police which are predicated on Fourth Amendment violations is a question of fact for the jury); *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010). Defendants' argument pertains to the merits of Plaintiff's claim and not the sufficiency of his Complaint. *See* Oppo. at 4-7. "The substantive merit of the Complaint or cause of action is not a relevant inquiry in the context of a Rule 12(b)(6)." *Walker*, 2010 WL 3341861, at *4; *see Navarro*, 250 F.3d at 732 (motion to dismiss is concerned with a claim's sufficiency rather than its substantive merits).

Plaintiff has alleged that Defendants entered his home without a warrant or consent and that the search was unreasonable. Compl., ¶¶ 11-14, 18, 20. This is sufficient to survive Defendants' motion to dismiss. Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's claim for a Fourth Amendment violation.

B. *Monell* Claim

In his Complaint, Plaintiff asserts a cause of action against the City under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Compl., ¶¶ 24-26. A municipality may be held liable under § 1983 when government officials with final policy-making authority ratified the unconstitutional conduct of a subordinate. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by*

*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). The plaintiff must also show that the challenged municipal conduct was both the cause in fact and the proximate cause of the constitutional deprivation. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Defendants contend Plaintiff's *Monell* claim fails because Plaintiff's Fourth Amendment claim fails. MTD at 7. As discussed above, Plaintiff's Fourth Amendment claim survives Defendants' motion to dismiss. Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's *Monell* claim.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' motion to dismiss Plaintiff's Complaint. Defendants must file an answer to the Complaint within fourteen (14) days from the date this Order is filed. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED**.

Dated: April 30, 2018

Hon. Michael M. Anello
United States District Judge

6

18cv56-MMA (JMA)